UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER F.<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. C20-1241-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1973.[1] Plaintiff has at least a high school education and previously worked as a real estate agent, assistant manager, cashier, and cashier checker. (AR 27.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff filed an application for DIB on April 18, 2017, alleging disability beginning March 1, 2011. (AR 166.) The applications were denied at the initial level and on reconsideration. On March 28, 2019, the ALJ held a hearing and took testimony from Plaintiff, Plaintiff's father, and a vocational expert (VE). (AR 35–70.) At the hearing, Plaintiff amended the alleged onset day to April 15, 2017. (AR 40.)

On May 21, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 12–33.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 22, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.[2]

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

[2] Plaintiff filed a Notice of Supplemental Authority (Dkt. 30) consistent with LCR 7(n) bringing to the Court's attention the following authority issued after the date Plaintiff's last brief was filed: *Collins v. Yellen*, 594 U.S. __ (2021) and Memorandum Opinion for the Deputy Counsel to the President on the Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021). Upon consideration of this authority, the Court finds that the authority would not affect the disposition of this case.

ORDER
PAGE - 2

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: psychogenic non-epileptic seizure disorder; bulimia nervosa; generalized anxiety disorder; and post-traumatic stress disorder (PTSD). (AR 17.) The ALJ also found that the record contained evidence of the following conditions that did not rise to the level of severe impairment: migraines and mild left-knee arthritis. (AR 17.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18–19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> She should never climb ladders, ropes, or scaffolds. She should avoid moderate exposure to wetness, humidity, very loud noise, excessive vibration, and workplace hazards such as dangerous machinery. She should never work at unprotected heights, and her job duties must not require driving a motor vehicle. She can perform simple routing tasks in a routine work environment with simple work-related decisions, superficial interaction with coworkers, and occasional superficial interactions with the public.

(AR 19.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 27.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a prep cook, lab assistant/cleaner, dietary aide, maid, routing clerk, and marking clerk. (AR 27–29.)

Plaintiff argues that the ALJ erred by (1) failing to give specific, clear, and convincing reasons for rejecting Plaintiff's allegations about the impact of her seizures on her ability to engage in work activity on a regular and continuing basis and (2) failing to address the impact of Plaintiff going unconscious at random times a month on her ability to sustain employment. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### 1. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[3] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation*); *see also Lingenfelter v.*

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

*Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 5002) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she is unable to work because she does not know when she will have a seizure and is "unable to meet w[ith] clients, perform office duties, such as 'floor time,' hold open houses, drive, etc." (AR 207.) She also alleges that her anxiety keeps her awake frequently and causes her to "hermit" sometimes. (AR 208, 212.) Plaintiff testified that her anxiety stems from her PTSD and makes it difficult for her to navigate day to day life and to deal with any kind of conflict, confrontation, or deadline. (AR 41–42.) Plaintiff also testified that she has insomnia, nightmares, and flashbacks, which trigger her psychogenic seizures. (AR 41–42.) Regarding her seizures, Plaintiff testified that she has the seizures five or six times a month, that she is unconscious for between two to four minutes, and that, after the seizures, she is exhausted for the rest of the day and usually sleeps five or six hours. (AR 42.) The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (AR 20–21.)

*a.   Fatigue*

Plaintiff argues that the ALJ erred by concluding that Plaintiff's allegations about her post-seizure fatigue were inconsistent with the medical evidence. Specifically, Plaintiff argues that she has not alleged that she is non-functional following a seizure and that the record demonstrates that Plaintiff had reported fatigue to her providers even if the providers did not independently note any observations of fatigue. Pl. Br. at 7. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Accordingly, an ALJ properly considers whether the medical evidence supports or is consistent with a claimant's allegations. *Id.*; 20 C.F.R. § 404.1529(c)(4) (symptoms are determined to diminish capacity for basic work activities only to the extent the alleged functional limitations and restrictions "can reasonably be accepted as consistent with the objective medical evidence and other evidence").

Here, the ALJ found that Plaintiff's allegations of debilitating fatigue following a seizure to be inconsistent with observations from Plaintiff's providers, who found Plaintiff to be alert and fully oriented after a seizure episode or noted that Plaintiff was "smiling, normally conversant, and showing no residual symptoms." (AR 21, citing AR 284, 774, 807). Further, the ALJ, citing specific evidence in the record, found that none of Plaintiff's providers noted Plaintiff to be lethargic or sleepy and that Plaintiff presented in medical visits throughout the record as alert and fully oriented, calm and pleasant, and/or in no acute distress. (AR 21.) The ALJ further noted that Plaintiff's providers found normal neurological examinations and normal gait and coordination. (AR 21.) The ALJ, therefore, provided specific, clear, and convincing reasons for finding Plaintiff's subjective testimony about the severity of Plaintiff's fatigue after a seizure episode to

be unsupported by the objective medical evidence. Plaintiff has not shown that the ALJ improperly rejected Plaintiff's testimony regarding the severity of her seizure-related fatigue.

Plaintiff next argues that the ALJ improperly found Plaintiff's daily activities to be inconsistent with Plaintiff's symptom testimony and took several of these activities out of context. Pl. Br. at 8. Specifically, Plaintiff argues that activities, such as kayaking and paddle-boarding, were not performed regularly or alone, that Plaintiff's ability to go for walks was not inconsistent with Plaintiff's testimony because Plaintiff had experienced seizures while out in public, and that Plaintiff's ability to engage in activities, such as crocheting, laundry, and baking, do not demonstrate that Plaintiff is able to perform basic work activities on a regular and continuing basis. An ALJ may discount a Plaintiff's symptom testimony where the "claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferrable to a work setting." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (emphasis in original); *see also Morgan v. Comm'r of Social Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work). Here, the ALJ found that Plaintiff's activities were inconsistent with her allegations of disabling seizures and anxiety. Specifically, the ALJ found that Plaintiff's ability to engage in kayaking and paddle-boarding, go for walks, and visit coffee shops, local pubs, the beach, and movies are inconsistent with Plaintiff's allegations regarding unpredictable seizures and "hermiting" behaviors due to anxiety or potential seizures. (AR 23.) Additionally, the ALJ found that Plaintiff's ability to "engage[] in routine, tactile activities such as laundry, baking and crocheting on a regular basis" demonstrate that Plaintiff is able "to concentrate, persist, and maintain pace in familiar tasks" and "indicate that she is able to develop adaptive routines to address her symptoms." (AR 23.) Plaintiff's arguments fail to

reconcile the inconsistency between Plaintiff's alleged inability to work and her ability to engage in these household and personal activities. *See Fair*, 885 F.2d at 604 ("[I]f [claimant] remains able to perform ordinary household and personal tasks, then he has not carried his burden of proving that his pain prevents him from returning to his former job."). Plaintiff offers a different interpretation of the medical record and evidence of her activities; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *Morgan*, 169 F.3d at 601 ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld."). Plaintiff, therefore, has not shown that the ALJ erred. The ALJ gave specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony regarding the severity of her symptoms. *See* 20 C.F.R. § 404.1529(c)(4).

### b. Inconsistent Statements

Plaintiff argues that the ALJ improperly found Plaintiff's testimony to be unreliable due to inconsistencies between Plaintiff's testimony and her prior statements. An ALJ properly considers prior inconsistent statements in evaluating a claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ found that Plaintiff made inconsistent statements concerning her activities and the frequency of her seizure episodes, which inconsistencies the ALJ found "erode the persuasiveness of the claimant's subjective reports of symptoms" and "suggest that she has magnified the limiting effects and persistence of her symptoms." (AR 24.)

Plaintiff argues that the ALJ erred by finding inconsistencies in Plaintiff's testimony regarding her activities. The ALJ found that, although Plaintiff testified that she did not do much besides laundry, baking, crocheting, and walking, Plaintiff reported in her function report that she engaged in activities like paddle-boarding and kayaking. (AR 24.) However, when asked during the hearing about this inconsistency, Plaintiff clarified that she does engage in other activities

besides laundry, baking, and crocheting, including paddle-boarding and kayaking, and Plaintiff further testified that she visits her friend for coffee and visits the bar, although less frequently. (AR 55.) Plaintiff's testimony regarding her level of activity, therefore, was not clearly inconsistent with her function report, and the ALJ's finding of inconsistency was not supported by substantial evidence.

Plaintiff further argues that the ALJ erred by finding inconsistencies between Plaintiff's testimony and her prior statements regarding the frequency of Plaintiff's seizures. The ALJ found that Plaintiff reported in her benefits application materials in August 2017 that she experiences seizures two to five times per month (AR 24, citing 204–14) but, at the 2019 hearing, Plaintiff testified that her seizures occurred five or six times per month. (AR 24, 42.) Additionally, the ALJ found that Plaintiff reported during medical visits in May 2017 that her seizures occurred once or twice a month. (AR 24, citing AR 271, 276.) The ALJ, however, failed to identify a clear inconsistency between Plaintiff's testimony and her prior statements. In October 2017, Plaintiff reported five seizure events in October and four in September. (AR 737.) In February 2018, Plaintiff reported experiencing four to five seizures per month but that she once went up to three months without an event and may have had up to eight in a month. (AR 797.) Here, Plaintiff's hearing testimony was vague as to whether she experienced five to six seizures *every* month or whether she experienced *up to* five to six seizures a month, consistent with her previous statements. Therefore, Plaintiff's testimony regarding the frequency of her seizures was not clearly inconsistent with her reports to her medical providers, and the ALJ's finding of inconsistency was not supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred by finding an inconsistency in Plaintiff's reporting regarding her reasons for an emergency room visit in April 2018. The ALJ found that

ORDER
PAGE - 9

Plaintiff visited the emergency room complaining of chest pain and nausea in April 27, 2018, but, during a follow up with her primary care provider on May 10, 2018, Plaintiff reported that she had been seen in the emergency room for chest discomfort and a psychogenic non-epileptic seizure. (AR 24, citing AR 910, 987.) An ALJ properly assesses the reliability of a claimant's disability allegations considering the extent to which such allegations are consistent with the objective evidence and other evidence in the record. 20 C.F.R. § 404.1529(c). Here, the May 10, 2018, treatment notes do not support the ALJ's finding that Plaintiff misreported the purpose for her April 2018 emergency room visit. While the May 10, 2018, treatment notes state that Plaintiff was previously seen for a psychogenic seizure event, the notes do not indicate that Plaintiff reported as much. Further, the May 10, 2018, findings and assessment are limited to examining Plaintiff's cardiac functioning and treating Plaintiff's chest pain. Therefore, the ALJ's finding of inconsistency in Plaintiff's reports regarding her emergency room visit was not supported by substantial evidence.

Although the ALJ did not properly discount Plaintiff's testimony based on prior inconsistent statements, the ALJ gave other independent and valid reasons for discounting Plaintiff's testimony regarding the severity of her symptoms, as described above. Therefore, any error in the ALJ's findings regarding inconsistencies between Plaintiff's testimony and her prior statements is harmless because the ALJ independently discounted Plaintiff's symptom testimony based on inconsistencies with the medical evidence and Plaintiff's daily activities. *Bray v. Comm'r of Social Sec. Admin*, 554 F.3d 1219, 1227 (9th Cir. 2009) (harmless error where ALJ presents other independent bases for discounting claimant's testimony). Nevertheless, because this matter is remanded on other grounds as discussed below, the ALJ should reconsider Plaintiff's testimony as warranted by further consideration of the evidence on remand.

### 2.  RFC

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess his work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 404.1545; SSR 96-8p. The RFC is the most a claimant can do considering his limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. § 404.1545(e); SSR 96-8p. Plaintiff argues that the ALJ failed to account for Plaintiff's loss of consciousness from her psychogenic seizures in the RFC or in the VE hypothetical.

Here, Plaintiff presented evidence that she experiences episodic psychogenic seizures, during which events Plaintiff experiences a loss of consciousness for a few minutes. (AR 281, 774, 806–07, 816.) Although the ALJ included seizure precautions and limitations in the RFC, including limiting Plaintiff to less-skilled, lower stress work and providing restrictions against climbing, exposure to wetness, humidity, loud noise, excessive vibrations, and workplace hazards, heights, and driving (AR 19), the ALJ did not include limitations that account for Plaintiff's loss of consciousness from a psychogenic seizure. *See Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Nor did the ALJ inquire of the VE whether Plaintiff could sustain employment if she were to lose consciousness due to a psychogenic seizure event at any frequency supported by the record. *See Lewis v. Apfel*, 236 F.3d 503, 517–18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.") For these reasons, the Court finds that the ALJ's RFC and step five finding lack the support of substantial evidence.

1

## **CONCLUSION**

2      For the reasons set forth above, this matter is REVERSED and REMANDED for further

3  administrative proceedings.

4      DATED this 13th day of September, 2021.

5

6

7  MARY ALICE THEILER
   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23